UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MANUEL F. XAVIER AND
NORBERTA XAVIER

CASE NO.: 3:14-CV-01267 JCH

                    Plaintiffs

V.


HOLLY A. BRYK, ROBERT L. GREEN
and RICHARD KRUEGER                        FEBRUARY 4, 2015

                    Defendants


## FIRST AMENDED COMPLAINT


## I. NATURE OF ACTION

1. This is an action to redress the deprivation by the defendants of rights secured to the plaintiffs Manuel F. Xavier (hereinafter "Manuel") and his wife Norberta Xavier under the Fourth and Fourteenth Amendments of the United States Constitution, as well as under principals of statutory and common law of the State of Connecticut. The defendants are sued in their individual capacities.

## II. JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331, 1333, and 1343 as well as 42 U.S.C. § 1983. The Plaintiffs further invoke the pendant jurisdiction of this Court to hear and decide their claims arising under the laws of theState of Connecticut pursuant to 28 U.S.C. § 1367

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred in the District of Connecticut and all of the parties reside in Connecticut.

## III. PARTIES

4.  At all times relative to the claims asserted herein, the Plaintiff Manuel F. Xavier and his wife, the Plaintiff Norberta Xavier, owned and resided in their home at 119 Big Horn Road, Shelton, Connecticut.

5.  At all times relevant to the claims asserted herein, the defendant Holly A. Bryk was a State Marshall operating under color of State law and residing in Hamden, Connecticut. In this action Marshall Bryk is being sued in her individual capacity.

6.  At all times relevant to the claims asserted herein the defendant Robert L. Green was a State Marshall operating under color of State law and residing in Meriden, Connecticut. In this action Marshall Green is being sued in his individual capacity.

7.  At all times relevant to the claims asserted herein the defendant Richard Krueger was a State Marshall operating under color of State law and residing in Ansonia, Connecticut. In this action Marshall Krueger is being sued in his individual capacity.

## IV. FACTS

8.  On November 14, 2013 at approximately 9:00PM the defendants seized the plaintiff Manuel F. Xavier in his home in the presence of his wife Norberta without a warrant, authority, or probable cause.

9. The aforesaid seizure of Manuel was made pursuant to a Capias dated October 4, 2013 and signed by an Assistant Clerk of the Family Support Division of the Connecticut Superior Court. The Capias did not name the plaintiff Manuel F. Xavier as

the person to be arrested. Rather, the Capias expressly named and purportedly authorized the arrest of a different person named *Henry Mathew Xavier* for his failure to attend a previously scheduled hearing in the Family Support Division of the Connecticut Superior Court Judicial District of New Haven. A copy of the Capias is attached hereto as **Exhibit A.**

10. November 14, 2013 shortly after seizing and handcuffing Manuel in the presence of his wife, the defendants transported Manuel to the Correctional Center on Whalley Avenue in New Haven where they caused him to be incarcerated under a $2,000.00 bond.

11. On November 14, 2013, after they jailed Manuel in the New Haven Correctional Center, Marshals Krueger and Green completed and signed the Return of Service of the Capias wherein they knowingly and falsely represented to the Connecticut Superior Court that, pursuant to that Court's order as set forth in the aforesaid Capias, they had seized Henry Matthew Xavier at 119 Big Horn Road in Shelton Connecticut on November 14, 2013. In fact the defendants seized the plaintiff Manuel F. Xavier who was not named in the Capias. A copy of the Return of Service signed by Marshals Krueger and Green is attached hereto as **Exhibit B.**

12. On November 14, 2013 the same day that Marshals Krueger and Green falsified their Return of Service as aforesaid they also prepared, signed and thereafter submitted false invoices to the State of Connecticut in order to collect their "Capias Arrest Fees" regarding their claimed arrest of Henry Matthew Xavier. In fact the Marshals arrested Manuel F. Xavier whose identity they determined at the time they seized him in his home on November 14, 2013. Copies of the invoices of Marshal Krueger **Exhibit C-1** and Marshal Green **Exhibit C-2** are attached hereto**.**

13. On the morning of November 15, 2013, Manuel, still in custody, was handcuffed, shackled and transported from jail to the New Haven Superior Court where that afternoon he appeared before Family Support Magistrate Frederick Gilman. After inquiring of Manuel, Magistrate Gilman determined that the "wrong person was picked up by the Marshall" and ordered Manuel's immediate release. A copy of Magistrate Gilman's Order releasing Manuel is attached as **Exhibit D.**

14. As a result of the aforesaid unlawful acts of the defendants, acts that were outside the scope of their official authority, the plaintiff Manuel F. Xavier suffered permanent mental and emotional pain and distress, embarrassment, sadness, depression, sleeplessness, nightmares, anxiety and fear.

15. As a further result of the aforesaid acts of the defendants, the plaintiff Manuel F. Xavier has incurred and will continue to incur costs and expenses for the services of medical and mental health providers and counselors, medicines and treatment.

16. As a further result of the aforesaid acts of the defendants, the plaintiff Manuel F. Xavier is and has been unable to fully enjoy life's activities.

**COUNT ONE (Manuel - 42 U.S.C. § 1983 – Fourth Amendment)**

17. The Plaintiff Manuel F. Xavier repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

18. The defendants warrantless seizure of Manuel in his home in the presence of his wife Norberta on a purported Capias that did not name him or in any way authorize his arrest, that did not set forth any facts on oath or affirmation by which a detached neutral magistrate could make a finding that there existed probable cause to arrest him, that did not set forth on its face that it was issued as a result of a finding of probable cause to arrest him and that was not issued or signed by a neutral detached magistrate, violated Manuel's right to be free from

unreasonable search and seizure as secured by the Fourth Amendment to the United States Constitution.

**COUNT TWO (Manuel-42 U.S.C. §1983-Fourteenth Amendment)**

19. The Plaintiff Manuel F. Xavier repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

20. The defendants' warrantless seizure of Manuel in his home in the presence of his wife Norberta on a purported Capias that did not name him or in any way authorize his arrest, that did not set forth any facts on oath or affirmation by which a detached neutral magistrate could make a finding that there existed probable cause to arrest him, that did not set forth on its face that it was issued as a result of a finding of probable cause to arrest him and, was not issued or signed by a neutral detached magistrate, violated Manuel's right to be free from unreasonable search and seizure as secured by the Fourteenth Amendment to the United States Constitution.

**THIRD COUNT (Manuel - False arrest)**

21. The Plaintiff Manuel F. Xavier repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

22. In acting in the manner set forth above the defendants purposely and unlawfully seized, handcuffed, transported and jailed Manuel without any authority, justification, probable cause or basis in fact.

**FOURTH COUNT (Manuel – Recklessness)**

23. The Plaintiff Manuel F. Xavier repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

24. In acting in the manner set forth above, the defendants, with conscious disregard of Manuel's rights, acted recklessly and outside the scope of their official authority

without any justification or consideration of the consequences of their actions in that they:

> a. intentionally seized Manuel in his home without a warrant, handcuffed him and thereafter jailed him without any authority, justification, probable cause, reason or basis in fact,

> b. intentionally ignored and failed to investigate Manuel's protestations that he was not Henry Matthew Xaiver the only person named in the Capias to be arrested,

> c. intentionally seized and incarcerated Manuel when they had the means, resources, time and opportunity to determine that Manuel F. Xavier was not Henry Matthew Xavier the person to be arrested as set forth in the Capias which defendants possessed at the time they seized Manuel in his home,

> d. Marshals Robert Green and Richard Krueger falsely represented to the Connecticut Superior Court that pursuant to that Court's order as set forth in the Capias they took Henry Matthew Xavier into custody on November 14, 2013 when they knew but failed to disclose that they actually seized the plaintiff Manuel F. Xavier who was not named in the Capias,

> d. knowingly and intentionally subjected Manuel to danger, injury, embarrassment, fear, anxiety, emotional and mental distress.

**FIFTH COUNT (Manuel - Intentional infliction of emotional distress)**

25. The Plaintiff Manuel F. Xavier repeats and re-alleges each and *every* allegation contained in paragraphs 1 through 16 *above* as if fully set forth herein.

26. The defendants knew or should have known that their intentional, unauthorized, outrageous conduct as described above was likely to cause Manuel to sustain and suffer severe emotional distress.

**SIXTH COUNT (Manuel - False Imprisonment)**

27. The Plaintiff Manuel F. Xavier repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

28. In acting in the manner set forth above the defendants purposely, wrongfully and without any authority seized, handcuffed, shackled, transported and jailed Manuel despite his protestations and against his will.

**SEVENTH COUNT (Manuel – Negligence)**

29. The Plaintiff Manuel F. Xavier repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

30. In acting outside the scope of their official authority in the manner set forth above the defendants failed to treat Manuel with reasonable care in that they:

> a. seized Manuel in his home without a warrant, handcuffed him transported and jailed him without any authority, justification, probable cause, reason or basis in fact when they knew or should have known that he was not the person named in the Capias they had in their possession at the time they seized him in his home,

> b. ignored Manuel's protestations that he was not the person named in the Capias,

> c. seized and incarcerated Manuel when they had the means, resources, time and opportunity to determine that he was not Henry Matthew Xavier the only person designated to be arrested in the Capias that the defendants possessed at the time they seized Manuel in his home.

**EIGHTH COUNT (Norberta Xavier · Bystander Emotional Distress)**

31. The Plaintiff Norberta Xavier repeats and re alleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

32. Norberta was present with her husband when the defendants, despite her pleas that Manuel was not the person named in the Capias, seized him and jailed him thereby causing her to suffer severe emotional distress.

## RELIEF  REQUESTED

The Plaintiff Manuel F. Xavier respectfully requests the following  relief from each defendant:

Compensatory  Damages,

Punitive Damages, Costs and

Attorney Fees pursuant to 42 U.S.C § 1988

The Plaintiff Norberta Xavier respectfully requests the following  relief from each defendant:

Compensatory Damages,

Punitive damages and costs.

## CLAIM FOR JURY TRIAL

The plaintiffs claim a trial by jury for all issues in this case.

THE PLAINTIFFS,

By: */s/ Thomas E Minogue*
Thomas E. Minogue
Federal Bar No.: ct 06845
375 Bridgeport Avenue
Shelton, CT 06484
Phone No.: 203-929-8283
Facsimile No.: 203-929-8347
tom@minoguelaw.com

8