UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MANUEL F. XAVIER et al., <br> Plaintiffs, | : <br> : <br> : | CIVIL ACTION NO. <br> 3:14-CV-1267 (JCH) |
| v. | : <br> : <br> : | |
| HOLLY A. BRYK et al., <br> Defendants. | : <br> : <br> : | MARCH 2, 2015 |

**RULING RE: MOTION TO DISMISS (Doc. No. 39)**

The plaintiffs, Manuel F. Xavier and Norberta Xavier, bring suit against certain state officials for certain actions by the officials related to their arrest of Manuel Xavier pursuant to a capias warrant issued as to a different individual.  The plaintiffs bring their claims under section 1983 of title 42 of the United States for violations of the Fourth and Fourteenth Amendments to the United States Constitution (Counts One and Two) and under six theories of liability under Connecticut law (Counts Three through Eight).

The court having duly considered the submissions in connection with the Motion to Dismiss (Doc. No. 39), including the plaintiff's First Amended Complaint (Doc. No. 40), the Motion is denied in part because it is moot, denied in part on the merits, and granted in part on the merits.

**I.   DISCUSSION**

    A.   <u>State sovereign immunity</u>

The defendants argue that the entire suit must be dismissed because the suit is barred under the Connecticut law of state sovereign immunity and because the Eleventh Amendment does not, in any case, allow this court to hear such a case.  Both of these arguments are predicated on the argument that the defendants are sued in

their official capacities, i.e., that the real party in interest is not the individuals sued but the state.  See Farid v. Smith, 850 F.2d 917, 920–21 (2d Cir. 1988); see also Mohammed v. Farney, 832 F. Supp. 103, 105–106 (S.D.N.Y. 1993) (Leval, J.).  Although there may possibly have been some question whether the Complaint (Doc. No. 1) stated claims against the defendants in their official capacities, the First Amended Complaint makes clear that the plaintiffs only seek relief against the individual defendants themselves.  Accordingly, in this respect, the Motion is **DENIED AS MOOT**.

    B.    Statutory immunity from state law claims except for "wanton, reckless, or malicious" conduct

The defendants may also mean to argue that the plaintiffs' state-law causes of action are barred by section 4-165 of the Connecticut General Statutes (granting immunity from liability to certain individuals as a statutory matter) because the facts that the plaintiffs allege do not constitute "wanton, reckless, or malicious" conduct.  See Memorandum of Law in Support of Motion to Dismiss (Doc. No. 39-1) at 15; Martin v. Brady, 261 Conn. 372, 376–81 (2002).

Whether a suit may proceed in light of this statutory immunity provision is a question of subject-matter jurisdiction.  See Martin, 261 Conn. at 817; Sousa v. Roque, No. 05-cv-822 (JCH), 2005 WL 3543721, at *1 n.2 (D. Conn. Dec. 16, 2005).  Whether considering the Amended Complaint or the original Complaint, in which the facts pled are substantially identical, the analysis and results are the same.

    1.    Negligence

One of the plaintiffs' claims, stated in Count Seven, sounds in negligence.  This cause of action contains a scienter requirement that does not rise beyond the level barred by the Connecticut immunity statute.  See Conn. Gen. Stat. § 4-165; Sousa,

2005 WL 3543721, at *2.  Accordingly, the court lacks subject-matter jurisdiction over this claim, so the Motion is **GRANTED** with respect to Count Seven.

        2.        The remainder of the plaintiffs' state-law claims

As for the remainder of the plaintiffs' claims, the plaintiffs provide specific factual allegations that the defendants acted with total lack of concern for the true identity of the person they were arresting, entirely ignoring Manuel Xavier's protestations that he was not the same person as the one named in the capias warrant that they possessed.  See especially Amended Complaint ¶ 24.  The defendants have provided an affidavit contravening certain of these allegations.  See Affidavit of Richard Krueger (Doc. No. 39-1 at 28).  However, the court declines to make a final decision as to the truth or falsity of these allegations because this question, which is essentially the question of jurisdictional fact (whether the defendants' actions were "wanton, reckless, or malicious"), is "intertwined with the merits" of the case.  Dorchester Fin. Securities, Inc. v. Banco BRJ, S.A., 722 F.3d 81, 87 (2d Cir. 2013).  Indeed, the truth or falsity of these allegations is actually the core of the case.  This question is thus more appropriately decided "on a summary judgment motion or by the fact finder at trial."  Id. (quotation marks omitted).

This case is distinct from the Martin v. Brady case, relied on by the defendants. See 261 Conn. 372 (2002).  In that case, the Supreme Court of Connecticut appears to have concluded that it lacked subject-matter jurisdiction for two interrelated reasons. First, the Court concluded that some of the plaintiff's allegations were not sufficiently credible to establish subject-matter jurisdiction.  See Martin, 261 Conn. at 381 (stating that heightened procedures were required to allow a plaintiff to pursue a claim

3

predicated on the falsity of statements made by state officers in support of a warrant, and that the plaintiff did not adhere to them); see also Bell v. Hood, 327 U.S. 678, 682–83 (1946) (stating "that a suit may sometimes be dismissed for want of jurisdiction where . . . a claim is wholly insubstantial and frivolous").  The Court then concluded that others of the plaintiff's allegations—namely, that he was "str[uc]k[ ] and push[ed] to the floor after he submitted to arrest," Martin, 261 Conn. at 377—were "not inconsistent with" the force that state police are authorized to use in effectuating arrests.  Id. at 380.  The defendants in this case do not specifically address the plaintiffs' key factual allegations in any of the papers associated with the present Motion, let alone point to authority supporting the conclusion that the specific actions that the plaintiffs allege were within the defendants' official authority.

Accordingly, except with respect to the claim for negligence, the Motion is **DENIED** with respect to the statutory immunity argument.

## II.   CONCLUSION

The Motion is **DENIED IN PART AS MOOT** and, on the merits, **GRANTED IN PART**, and **DENIED IN PART**.  Count Seven is dismissed.  The plaintiffs are allowed to proceed with the claims stated in the remainder of the Amended Complaint.

**SO ORDERED**.

Dated this 2nd day of March 2015 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge